[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
In this action the plaintiff, Commissioner of Environmental Protection has filed a Revised Complaint alleging various hazardous waste and water pollution violations against the defendant, the Morin Corporation, pursuant to specific state statutory authority provided to the Commissioner of Environmental Protection. The defendant has filed special defenses to that complaint and the plaintiff seeks to strike the First, Second, Third, Sixth and Eighth Special Defenses and paragraphs 2 and 3 of the Fifth Special Defense.
In the First Special Defense the defendant claims that a federal statute of limitations has been incorporated into state environmental law without stating any authority for such claim. The statutes under which the plaintiff is proceeding do not contain any limitations period.
The defendant has cited the cases of Sierra Club v. SimkinsIndustries, Inc., 617 F. Sup. 1120 (D.C.Md. 1985); ChesapeakeBay Foundation v. Bethlehem Steel Corp., 608 F. Sup. 440 (D.C. Md. 1985); Friends of the Earth v. Facet Enterprises, Inc.,618 F. Sup. 532 (D.C.N.Y. 1984). Those cases are inapposite. They do not deal with Connecticut Environmental Statutes at all. They do not even deal with actions by any state or federal government. Rather, they pertain to citizens' suits for penalties under the federal Clean Water Act. In Sierra Club and Chesapeake BayFoundation, for example, the Court declined to apply the shorter state statutes of limitations, which it would otherwise have applied, in favor of the five year statute of limitations applicable to the government under 28 U.S.C. § 2462
because "application of a state statute would frustrate a federal policy underlying the cause of action under consideration."617 F. Supp. at 1125.
The statute of limitations found in 28 U.S.C. § 2462 does CT Page 8759 not apply in this case. Therefore, the First Special Defense is hereby ordered stricken.
The Second Special Defense claims that the allegations in the plaintiff's complaint are barred by the statute of limitations set forth in Connecticut General Statutes § 52-577. That statute sets a three year statute of limitations for all tort actions. The plaintiff does not allege any tort actions, only statutory causes of action. Therefore, the Second Special Defense is hereby ordered stricken.
In the second paragraph of the Fifth Special Defense the defendant claims that the Second Count of the complaint is barred by the "applicable" statute of limitations. As set forth above, the statutes under which the plaintiff brings this action contain no limitations period applicable to the state. A statute of limitations does not run against the state unless by the statute's specific terms the legislature intended it to apply to the state. Town of Clinton v. Bacon, 56 Conn. 508, 517, 16 A. 538
(1888). The second paragraph of the Fifth Special Defense is hereby ordered stricken.
In the Third Special Defense the defendant asserts that the complaint is barred by the doctrine of laches. Laches does not bar the state or a municipality from enforcing governmental rights. Connecticut Indemnity Co. v. Hazal Mudry, 15 Conn. Sup. 491,491 (1948); West Hartford v. Rechel, 190 Conn. 114, 120,459 A.2d 1015 (1983). The Third Special Defense is hereby ordered Stricken.
The third paragraph of the Fifth Special Defense alleges that Exhibit C to the complaint is unlawfully incorporated by reference. Practice Book § 141 allows a plaintiff to incorporate any document by reference in his complaint. The third paragraph of the Fifth Special Defense is hereby ordered stricken.
The Sixth and Eighth Special Defenses allege estoppel against the plaintiff. Estoppel may be invoked against a public agency only when the action in question has been induced by an agent having authority in such matters and only when special circumstances make it highly inequitable or oppressive not to estop the agency. Kimberly-Clark Corp. v. Dubno, 204 Conn. 137,148, 527 A.2d 679 (1987). The defendant has not perfectly pleaded the elements necessary to invoke estoppel against the CT Page 8760 plaintiff. However, it has alleged that someone, presumably authorized to do so, entered into an agreement on behalf of the plaintiff. In addition, the fact that the plaintiff seeks substantial penalties for conduct which the defendant claims it previously agreed to could in and of itself be deemed to be inequitable. Therefore, the Sixth and Eighth Special Defenses are not ordered stricken.
By the court, Aurigemma, J.